USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-6-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ROLAND ROBERTS,

               Petitioner,          09 Civ. 1516

   -against-                       OPINION

SUPT. JAMES J. WALSH,

               Respondent.

------------------------------------X

A P P E A R A N C E S:

    Pro Se

    ROLAND ROBERTS #04-a-6773
    Sullivan Correctional Facility
    P.O. Box 116
    Fallsburg, NY 12733


    Attorneys for Respondent

    CYRUS R. VANCE, JR.
    District Attorney, New York County
    One Hogan Place
    New York, NY 10013
    By:  Sara M. Zausmer, Esq.
         Karen Schlossberg, Esq.

**Sweet, D.J.**

Respondent Supt. James J. Walsh (the "State") has moved to dismiss the petition for a writ of habeas corpus of Roland Roberts ("Roberts" or the "Petitioner") on the grounds that the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Upon the facts and conclusions set forth below, the State's motion is granted and the petition denied.

**Prior Proceedings**

Petitioner seeks to set aside his custody under a December 13, 2004 judgment of the Supreme Court, New York County, convicting him, upon his plea of guilty, of Attempted Murder in the First Degree. (N.Y. Penal Law §§ 110.00, 125.27[1].) The instant petition was filed on December 5, 2008.

Petitioner's conviction arose from his attempted murder of a police officer. The following facts are drawn from the State's brief on direct appeal.

1

On August 27, 2003, at approximately 12:25 a.m., Petitioner and three other individuals — Stacey Liggan, Jason Rivera, and Edward Bowman — drove to 154th Street in Manhattan intending to rob a gambling spot located at 301 West 154th Street. Bowman stopped the car on 154th Street, near the corner of Bradhurst Avenue. There, Petitioner and Liggan exited the vehicle and crossed the street. At the same time, Police Captain Kenneth Girven saw Petitioner and Liggan walking quickly towards the east side of the street. As Petitioner approached the sidewalk, Girven spoke to him and identified himself as a police officer. Petitioner then stepped into the street from behind a parked vehicle and fired three shots directly at Girven, hitting him once in the stomach. Petitioner and Liggan fled in Bowman's vehicle, while Rivera ran from the scene. As a result of Petitioner's actions, Girven sustained severe injuries and was in the hospital for four days and on medical leave for four months. On September 7, 2003, Petitioner was arrested.

By New York County Indictment Number 5040/2003, filed on September 24, 2003, Petitioner was charged with Attempted Murder in the First Degree (N.Y. Penal Law §§ 110.00, 125.27[1][a][i]), Assault in the First Degree

2

(N.Y. Penal Law § 120.10[1]), Attempted Murder in the Second Degree (N.Y. Penal Law §§ 110.00, 125.25[1]), Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03[1]), Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02[4]), and Tampering With Physical Evidence (N.Y. Penal Law § 215.40[2]). After pretrial hearings, on November 12, 2004, Petitioner appeared before the Honorable Carol Berkman and pled guilty to Attempted Murder in the First Degree, in full satisfaction of the indictment.[1] On December 13, 2004, Petitioner was sentenced to the negotiated prison term of 18 years to life and is presently in state custody pursuant to the judgment of conviction.

Petitioner appealed from the judgment of conviction to the Appellate Division of the Supreme Court of the State of New York, First Department. In his brief to that court, Petitioner argued only that his negotiated sentence of 18 years to life imprisonment was excessive. The People filed a brief responding to that claim and, on November 10, 2005, the Appellate Division unanimously

---

[1] Under his plea agreement, Petitioner also pled guilty to Grand Larceny in the Fourth Degree (N.Y. Penal Law § 155.30) in satisfaction of an unrelated indictment (New York County Indictment Number 3901A/03), and was sentenced to a concurrent indeterminate prison term of two to four years.

3

affirmed Petitioner's conviction in a summary order. People v. Roberts, 23 A.D.3d 1161, 1161 (N.Y. App. Div. 2005).

By letter dated December 8, 2005, Petitioner sought permission to appeal from that affirmance to the New York Court of Appeals, asking the court to "consider each of the issues raised in [Petitioner's] brief before the court below." On January 23, 2006, the Honorable Victoria Graffeo of the Court of Appeals denied Petitioner's application for leave to appeal to that court. People v. Roberts, 6 N.Y.3d 780, 780 (2006).

Within the one-year time limit imposed by 28 U.S.C. § 2244(d)(1), on or about February 14, 2007, Petitioner, acting pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The same day, District Judge Kimba Wood entered an order directing Petitioner to file an amended petition within 60 days. On April 8, 2007, Petitioner filed an amended petition, in which he raised two claims for relief. First, he claimed that he was deprived of effective assistance of trial counsel, because counsel, purportedly acting under an "actual conflict" of interest, permitted Petitioner to

4

plead guilty despite the fact that Petitioner was allegedly pleading guilty "unknowingly," "unintel[l]igently," and under "duress." Second, he contended that he was deprived of effective assistance of counsel on his direct appeal due to appellate counsel's alleged failure "to submit a complete appellate brief within the norms of professional care." (Am. Pet. ¶ 13).

On or about April 16, 2007, Petitioner moved for a stay, so that he could exhaust the claims presented in the amended petition in the New York State courts. The docket sheet does not reflect any ruling by Judge Wood on that motion.

On February 13, 2008, this case was reassigned to this Court. Respondent filed a motion to dismiss or summarily deny the petition, on the grounds that the petition raised only unexhausted claims. In that motion, Respondent observed that, if this Court did dismiss the petition, even with leave to refile, any subsequent petition filed would be time-barred, as "Petitioner filed his petition only a couple of months before the AEDPA's statute of limitation expired" and "the time his petition

has been pending would not toll this one-year limitation period."

While that motion was pending, on May 8, 2008, Petitioner filed a motion before the trial court, seeking to vacate the judgment of conviction against him pursuant to New York Criminal Procedure Law ("CPL") 440.10. In the motion, Petitioner claimed that Patrick Watts, a personal family friend and attorney, had spoken with Petitioner outside of the presence of the judge and Petitioner's assigned counsel, despite the fact that Watts represented a prospective prosecution witness in the case. Petitioner contended that, in that conversation, Watts denigrated Petitioner's assigned attorney and told Petitioner that, if convicted, he could receive a sentence of approximately 47.5 years in prison. (Pet. 440.10 Mot. at 8-11.) Petitioner raised two claims based on that purported interaction. First, he argued that his assigned counsel was ineffective for "permit[ing]" Watts to "interject himself into the proceedings and coerce [Petitioner] into pleading guilty." Second, Petitioner asserted that, as a result of the purported interaction, his plea was not knowingly, voluntarily and intelligently made. (Id. at 13-21.)

6

By letter dated the same day, Petitioner requested that this Court "disregard" his original request to stay his petition, which "contain[ed] two separate unexhausted claims." Petitioner asked instead that this Court either stay the petition or dismiss it without prejudice while he exhausted his claims via the CPL 440.10 motion, which Petitioner attached to the letter. By endorsement dated May 16, 2008, the application was granted to the extent of dismissing the petition without prejudice and with leave to refile.

In a five-page written decision dated July 3, 2008, Justice Berkman denied Petitioner's CPL 440.10 motion.

On July 29, 2008, Petitioner applied to the Appellate Division for a certificate, pursuant to CPL 460.15, granting leave to appeal Justice Berkman's denial of his CPL 440.10 motion. In an order dated September 12, 2008, the Honorable James M. McGuire denied Petitioner's application.

On December 5, 2008, Petitioner filed the above-captioned habeas petition, in which he renewed the claims he raised in his CPL 440.10 motion.[2] Specifically, Petitioner argued that his guilty plea was coerced by Watts, who was "operating under a 'conflict of interest,'" and that his assigned attorney had been constitutionally ineffective for allowing Watts to interject himself into the proceedings. (Pet. ¶ 13.)

The instant motion to dismiss the petition was marked fully submitted on February 3, 2010.

**The Petition Is Time-Barred**

AEDPA set a one-year limitation period on the filing of habeas petitions. 28 U.S.C. § 2244(d)(1)(A); Mayle v. Felix, 545 U.S. 644, 654 (2005). As relevant here, that time period begins on the date on which the conviction becomes final, "by the conclusion of direct review or the expiration of the time for seeking such review."[3] 28 U.S.C. § 2244(d)(1)(A); Mayle, 545 U.S. at

---

[2] Petitioner did not exhaust the claim of ineffective assistance of appellate counsel, which he had raised in his earlier petition, by moving for a writ of error coram nobis in the Appellate Division. He does not include that claim as a ground in the current petition.

8

662. Though the limitation period is tolled during the pendency of a state post-conviction relief proceeding, 28 U.S.C. § 2244(d)(2), it is not tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Under these standards, Roberts filed his petition well after the expiration of the AEDPA time period. The Appellate Division affirmed Petitioner's conviction on November 10, 2005, and the Court of Appeals denied

---

[3]  The statute sets four benchmarks, the latest of which is the date from which the limitations period begins to run. Those benchmarks are:

(A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not claim that any benchmark other than the first applies in this case. Petitioner claimed in his CPL 440.10 motion that an attorney who purportedly encouraged him to plead guilty was operating under a conflict, and that Petitioner was unaware of the conflict at the time of the plea. (Pet. 440.10 Mot. at 10-11.) Petitioner never identified how or when he learned of the purported conflict and, given that the court mentioned the potential conflict twice in front of Petitioner at the plea proceedings, he could have become aware of it at that time had he exercised due diligence. Accordingly, the fourth benchmark does not apply to Petitioner's claim.

9

Petitioner's application for leave to appeal on January 23, 2006. Petitioner then had 90 days in which he could seek certiorari from the United States Supreme Court. Petitioner did not seek Supreme Court review, and his conviction thus became final on the following day, April 24, 2006. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). The deadline for Petitioner to file his habeas petition was one year later, on April 24, 2007. Accordingly, by the time Petitioner filed the instant petition, on December 5, 2008, the AEDPA time limit had long since expired.

As Petitioner notes (Pet. ¶ 14), he filed a previous habeas petition within the one-year AEDPA time period. That petition, which contained only unexhausted claims, was dismissed at Petitioner's request without prejudice and with leave to refile. However, unlike a state post-conviction collateral proceeding, the pendency of a federal habeas petition does not toll the AEDPA time limit. See, e.g., Duncan, 533 U.S. at 181-82. The period in which the prior habeas petition was pending is thus not subtracted from the AEDPA time limit calculation. Moreover, Petitioner did not file his CPL 440.10 motion — which would have tolled the AEDPA time period — until May

10

8, 2008, more than a year after the AEDPA time limit had expired. Because nothing tolled the AEDPA time limit in the year after Petitioner's conviction became final, the instant petition is time-barred under the statute.

**Petitioner Is Not Entitled to Equitable Tolling**

The State warned Petitioner that any subsequent petitions would likely be time-barred under AEDPA when moving to dismiss the previous petition for lack of exhaustion. Specifically, the State explained that, even if this Court dismissed the petition with leave to refile, "since Petitioner filed his petition only a couple of months before the AEDPA's statute of limitation expired, any attempt by Petitioner to return to federal court would likely be time-barred, as the time his petition has been pending would not toll this one-year limitation period." (Resp. Mot. to Dismiss 6 n.3.) The State also noted that Petitioner could refile his petition and argue that equitable tolling applied in his case. See Rodriguez v. Bennett, 303 F.3d 435, 438 (2d Cir. 2002).

Equitable tolling is available only in the "rare and exceptional" case where a petitioner can show both that

"extraordinary circumstances prevented him from filing his petition on time" and that he acted with "reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Petitioner has not made either of those showings.

First, Petitioner has not demonstrated any exceptional or extraordinary circumstances that prevented him from timely filing his petition. The only explanation Petitioner offers for the lateness of his petition is that he filed a previous timely petition that was dismissed with leave to refile. (See Pet. ¶ 14.) That contention fails because, as discussed above, a federal habeas petition does not toll the AEDPA time limit. See Duncan, 533 U.S. at 181-82.

Prior to the Supreme Court's decision in Duncan, there was uncertainty as to whether a federal habeas petition tolled the AEDPA time period. Similarly, prior to Zarvela v. Artuz, 364 F.3d 415 (2d Cir. 2004), when a petition contained exhausted and unexhausted claims (a "mixed" petition), courts sometimes dismissed after taking long periods to consider them, assuming that the AEDPA time limit was tolled and that a stay was unavailable. In such

12

cases, when the AEDPA time period expired through no fault of the petitioner, courts occasionally found that the AEDPA time period had been equitably tolled. See Rodriguez v. Bennett, No. 00 Civ. 401, 2005 WL 273263, at *4 (S.D.N.Y. Jan. 27, 2005) (equitable tolling appropriate where petition was dismissed prior to Zarvela and Duncan because, "[h]ad those decisions been available at the time," the petitioner's initial "petition would have been stayed rather than dismissed without prejudice in order to avoid the risk of rendering untimely any future habeas petition" containing those claims); Felton v. Mazzuca, No. 98-CIV-4567, 2004 WL 2072538, at *4-*5 (S.D.N.Y. Sep. 15, 2004) (same).

Here, however, Petitioner filed his initial petition in 2007, six years after the Supreme Court decided Duncan, when it was known that a federal habeas petition would not toll the AEDPA time period. Also, because the petition contained only unexhausted claims, Petitioner was not eligible for a Zarvela stay. The pendency of Petitioner's original petition — the only basis Petitioner cites for his delay — therefore does not constitute an extraordinary circumstance justifying equitable tolling.

Second, Petitioner has not shown that he acted with reasonable diligence during the period he seeks to have tolled. In that regard, it was not the previous petition that prevented Petitioner from bringing the instant one, but the fact that he had not exhausted the claims he now seeks to raise. To exhaust those claims and toll the AEDPA time period in the meantime, Petitioner had to file a CPL 440.10 motion in state court, challenging the voluntariness of his plea and the effectiveness of his attorney. However, Petitioner did not file his CPL 440.10 motion until May 8, 2008, four years after his plea and more than one year after the AEDPA time limit had expired. He has not explained the cause for this delay.

Under New York law, Petitioner could have brought his CPL 440.10 motion "[a]t any time following the entry of . . . judgment," see CPL 440.10(1), regardless of his pending habeas petition.[4] Petitioner filed the CPL 440.10 motion on the same day he asked this Court to "disregard" his original request to stay his petition and instead

---

[4]   Even if Petitioner were unaware of this, equitable tolling is not warranted. See Nash v. McGinnis, No. 04CV9496, 2005 WL 1719871, at *5 (S.D.N.Y. Jly 22, 2005) ("Nor does ignorance of AEDPA warrant equitable tolling, as such ignorance among pro se inmate petitioners is a typical rather than extraordinary circumstance."); Cox v. Edwards, No. 02 Civ. 7067, 2003 WL 22221059, at *3 (S.D.N.Y. Sep. 26, 2003) (ignorance of legal process does not entitle a petitioner to equitable tolling).

14

either stay the petition or dismiss it without prejudice while he exhausted his claims.  By that date, however, the AEDPA time limit had already expired.  Petitioner has not demonstrated the due diligence required to equitably toll the time limit, as he waited more than four years to file his CPL 440.10 motion, and has provided no explanation for his delay.

In sum, Petitioner filed the instant petition more than one year after the AEDPA time period expired, and he has shown neither the extraordinary circumstances nor the reasonable diligence necessary for equitable tolling.  His petition is therefore dismissed as time-barred.

**Conclusion**

Upon the facts and conclusions set forth above, the motion of the State is granted and the petition is dismissed as time-barred.

It is so ordered.

**New York, NY**
**May 5, 2010**

ROBERT W. SWEET
U.S.D.J.

15